L. Mine Bently *v.* W. P. Kirk, etc.

be sold by the Clerk, after giving time to pay the money into Court. Costs paid out of the fund.

L. MINE BENTLY *v.* W. P. KIRK, etc.

CONSTABLE. *Directions not to proceed on execution is no excuse for not making return.* When the judgment creditor instructs the constable to hold up the execution, this does not excuse the officer from making his return as the law requires.

Cases cited: 5 Sneed, 576; 6 Hum., 20; 1 Head, 378.

FROM LAWRENCE.

Appeal from the Circuit Court. WM. P. MARTIN, Judge.

MATTHEWS & DEAVENPORT for Bently.

No brief appears for Kirk.

NICHOLSON, Ch. J., delivered the opinion of the Court.

This is a motion against Kirk, as constable, and his sureties, for the non-return of an execution. The execution issued to Kirk in 1861 from a Justice of the Peace, and was never returned, but retained in his own possession. The Circuit Judge dismissed the motion because it appeared by the evidence that after

the constable received the execution, one of the defendants in the original judgment saw the plaintiff, and offered to pay the execution in a note for a similar amount against a brother of plaintiff. Plaintiff refused to receive the note in payment, but told the constable to hold up the execution until the note on his brother should be paid. This evidence is made by the constable and one of the defendants in the original judgment. The plaintiff denies the truth of the evidence, and says he gave the constable no such directions, but urged him to make the money. But all three of the witnesses concur in proving that plaintiff gave the constable no directions as to the return of the execution. His directions, if he gave any, had reference alone to holding up the execution until plaintiff's brother should pay the note offered in satisfaction of the same. Admitting this to be the truth of the case, and still it does not make out a case of interfering or intermeddling by the plaintiff which could excuse the constable 'from performing the positive duty of returning the execution at the end of thirty days. It has been held several times that a direction by the plaintiff to the officer, to hold up or postpone a sale after levy of an execution, does not excuse him from making his return as the law requires. 5 Sneed, 576; 6 Hum., 20; 1 Head, 378. We think these cases are conclusive as to the liability of the officer. The judgment is therefore reversed, and judgment given here.